FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
SEP 1 4 2021
OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 8:21CR218 |
| ) | |
| v. ) | |
| ) | PLEA AGREEMENT |
| PAUL A. WHITE, ) | |
| ) | |
| Defendant. ) | |

The United States of America (also referred to as "the Government"), Defendant, PAUL A. WHITE, and Defendant's attorney, enter into this Plea Agreement.

**A.  CHARGES**

1.  <u>Subject Offense</u>.  Defendant will waive Indictment (by executing a separate Waiver of Indictment form) and plead guilty to Count 1 of a United States Attorney's Information charging a violation of Title 31, United States Code, Section 5324(c), that is, Structuring Transactions to Evade Reporting Requirement.

2.  <u>No Charges to be Dismissed</u>.  There are no charges to be dismissed.

3.  <u>No Further Prosecution</u>. The Government agrees that Defendant will not be charged in the District of Nebraska with any additional violations of 31 U.S.C. § 5324 that occurred between October 29, 2018 and February 26, 2019.

**B.  MAXIMUM PENALTIES**

4.  <u>Maximum Punishment</u>.  Defendant understands that the crime to which Defendant is pleading guilty carries a maximum sentence of five years in prison; a maximum fine of $250,000; and a term of supervised release of not more

1

than ~~one~~ three [MSD 9/14/21] [CEM 9/14/21] [PMW. 9/14/21] year~~s~~. A mandatory special assessment of $100 per count of conviction must also be imposed by the Court.

5. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than ~~one~~ three [MSD 9/14/21] [CEM 9/14/21] [PMW. 9/14/21] year~~s~~ in prison, without any credit for time previously served.

6. <u>Detention</u>. Provided that Defendant does not violate any conditions of Defendant's pretrial release and does not appear to be mentally at risk to harm himself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence.

C. **NATURE OF THE OFFENSE – FACTUAL BASIS**

7. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Count 1, Structuring Transactions to Evade Reporting Requirement**, the Government would be required to prove beyond a reasonable doubt the following elements:

>   (a) The defendant conducted or attempted to conduct a financial transaction that involved a domestic financial institution;
>
>   (b) At the time the defendant conducted or attempted to conduct the financial transaction, the defendant knew of the domestic financial institution's obligation to report currency transactions in excess of $10,000; and
>
>   (c) The defendant purposefully structured the transaction with the intent to evade that reporting requirement.

8. <u>Factual Basis</u>. As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a) In 2016, Defendant started selling military memorabilia, firearms, and other items. Most of the cash proceeds of these sales were hidden in a safe that Defendant kept in his office in Omaha, NE.

(b) On November 1, 2017, Defendant filed legal papers in Nebraska to divorce his wife. Defendant did not disclose the cash proceeds at any time during the divorce proceedings.

(c) In 2018, the divorce was finalized. After that, Defendant began depositing the cash proceeds into bank accounts with First National Bank (FNB) and UMB Bank (UMB). FNB and UMB are domestic financial institutions.

(d) From October 29, 2018 to February 26, 2019, Defendant deposited a total of $99,900 from the cash proceeds by conducting the following transactions with FNB and UMB:

(i) On October 29, 2018, Defendant deposited $6,500 of cash into his FNB account and $3,300 of cash into his UMB account, for a daily total of $9,800;

(ii) On November 2, 2018, Defendant made a cash deposit of $6,600 into his FNB account and $3,300 into his UMB account, for a daily total of $9,900;

(iii) On November 6, 2018, Defendant made a cash deposit of $4,800 into his FNB account and $1,800 into his UMB account, for a daily total of $6,600;

(iv) On November 13, 2018, Defendant made a cash deposit of $3,400 into his FNB account;

(v) On November 20, 2018, Defendant made a cash deposit of $6,900 into his UMB account;

(vi) On November 29, 2018, Defendant made a cash deposit of $4,800 into his UMB account;

3

    (vii) On December 11, 2018, Defendant made a cash deposit of $5,700 into his FNB account and $7,700 into his UMB account, for a daily total of $13,400;

    (viii) On December 21, 2018, Defendant made a cash deposit of $4,500 into his FNB account and $2,500 into his UMB account, for a daily total of $7,000;

    (ix) On December 31, 2018, Defendant made a cash deposit of $4,000 into his FNB account and $2,500 into his UMB account, for a daily total of $6,500;

    (x) On January 9, 2019, Defendant made a cash deposit of $3,000 into his FNB account;

    (xi) On January 14, 2019, Defendant made a cash deposit of $2,300 into his UMB account;

    (xii) On January 22, 2019, Defendant made a cash deposit of $5,500 into his FNB account and $4,500 into his UMB account, for a daily total of $10,000;

    (xiii) On February 12, 2019, Defendant made a cash deposit of $5,100 into his FNB account and $2,700 into his UMB account, for a daily total of $7,800; and

    (xiv) On February 26, 2019, Defendant made a cash deposit of $5,000 into his FNB account and $3,500 into his UMB account, for a daily total of $8,500.

  (e) At the time Defendant conducted the transactions set forth above, Defendant knew of the obligation that FNB and UMB had to report currency transactions in excess of $10,000.

  (f) Defendant purposefully structured the transactions set forth above with the intent to evade that reporting requirement.

  (g) Some or all of the transactions set forth above were conducted in the District of Nebraska.

9. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing,

the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10. <u>Waiver of Rule 410 Rights</u>. Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

11. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the District of Nebraska.

**D. SENTENCING**

12. <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

    (a)    The nature of the offense to which Defendant is pleading guilty;

    (b)    The amount of money involved with the parties stipulating as a recommendation to the District Court that the amount is less than $100,000;

(c) Whether sophisticated means were used to commit all or part of the offense;

(d) Defendant's role in the offense, with the parties stipulating as a recommendation to the District Court that neither an upward nor downward adjustment should be applied under USSG §3B1.1 and §3B1.2;

(e) Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(f) The nature and extent of Defendant's criminal history (prior convictions); and

(g) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

13. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in

conduct not consistent with acceptance of responsibility.

14. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this

time what Defendant's actual sentence will be.

17. No Right to Withdraw Plea. Defendant understands that Defendant will have no right to withdraw Defendant's plea or if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E. FINES AND COSTS

18. Fines and Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19. Special Assessment. Defendant agrees to pay the mandatory special assessment of $100 at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20. Financial Statement. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

F. LIMITED SCOPE OF AGREEMENT

21. Limited Scope of Agreement. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax

8

matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

22. <u>Agreement Limited to District of Nebraska and Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the District of Nebraska and the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

23. <u>Victims not a party to this Agreement</u>. Defendant understands that FNB, UMB Bank, and Pamela White are not a parties to this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this criminal case do not resolve any claims that FNB, UMB Bank, or Pamela White may have against Defendant. Defendant understands that FNB, UMB Bank, and Pamela White remain free to pursue all lawful civil remedies they may deem appropriate.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

24. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

 (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

 (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

 (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

 (d) Confront and cross-examine adverse witnesses;

 (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

 (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

 (g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

25. <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge or to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law. Defendant knowingly and expressly waives, however, any and all rights to appeal the sentence if the district court imposes the parties' recommended sentence or if the district court imposes a lower sentence. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

26. <u>Voluntariness of Plea</u>.  Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

    (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

27. <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

    (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision.  Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

28. <u>Entire Agreement</u>.  This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

29. <u>Public Interest</u>.  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

30. <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below. This Plea Agreement is void and withdrawn unless it is signed and returned to the United States Attorney's Office in Council Bluffs, IA before 4:00 p.m. on Friday, August 13, 2021. Defendant also agrees to enter a plea no later than September 17, 2021.

31. <u>Consent to Proceed by Video Conferencing.</u> Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J. SIGNATURES

32. <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree to

it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

8-11-21
Date

Paul A. White

33. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

Aug. 11, 2021
Date

Clarence E. Mock

13

Attorney for Paul A. White
9900 Nicholas Street
Suite 225
Omaha, NE 68114
Tel: 402-346-8856
Fax: 402-346-6414
Email: omaha@johnsonandmock.com

34. United States. The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
Acting United States Attorney

Date: 9/14/21

By: Michael B. Duffy
Assistant United States Attorney
8 South 6th Street, Suite 348
Council Bluffs, Iowa 51501
Tele: (712) 256-5009
Fax: (712) 256-5112
Email: michael.duffy@usdoj.gov

14